# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CORA P. [1]                                                    Case No. 2:22-cv-3911

        Plaintiff,

v.                                                                Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

        Defendants.

## MEMORANDUM OF OPINION AND ORDER

Plaintiff Cora P. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **AFFIRMED**, because it is supported by substantial evidence in the administrative record. The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

**I. Summary of Administrative Record**

On April 10, 2013, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Tr. 22). In a decision dated March 22, 2017, Plaintiff was found disabled beginning on February 6, 2012. (Tr. 151). On May 8, 2019, it was determined that Plaintiff was no longer disabled since May 8, 2019. (Tr. 109-110). This determination was upheld upon reconsideration. (Tr. 132, 140).

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

Thereafter, Plaintiff filed a written request for a hearing before an Administrative Law Judge. On September 30, 2021, the undersigned held a telephonic hearing, at which Plaintiff, represented by counsel appeared and testified. (Tr. 40). Thereafter, on October 18, 2021, ALJ William Stanley issued a written decision, concluding that Plaintiff was not disabled. (Tr. 14-31).

Plaintiff was born on December 18, 1974 and was 44 years old on May 8, 2019. (Tr. 29). She has a high school education and no past relevant work.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative joint disease of the left ankle and toes of the left foot, degenerative joint disease of the bilateral knees, degenerative joint disease of the lumbar spine, asthma, COPD, obesity, bipolar disorder, generalized anxiety disorder, depressive disorder, and PTSD." (Tr. 22). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> She can stoop frequently. She can occasionally climb, kneel, crouch and crawl. She must avoid concentrated exposure to extreme cold; vibration; irritants such as concentrated fumes, odors, dust, gases, or poor ventilation; and hazards such as heavy, dangerous machinery and unprotected heights. She is limited to simple, routine, and repetitive tasks; requiring only simple decisions; with no fast-paced production requirements such as assembly line work or piecemeal quotas. She is capable of adapting to changes in the work environment, meaning changes in work responsibilities or workplace, which are explained in advance of implementation and implemented gradually over time. She can have occasional contact with coworkers, and supervisors but no contact with the general public. Once work is assigned, it should be able to be performed without working in close coordination with others and generally, tasks should require working with things rather than with people.

(Tr. 23).

Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy, including marker, mail clerk, photocopying machine operator. (Tr. 30). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by failing to give controlling weight to the opinion of Plaintiff's treating nurse practitioner. Upon close analysis, I conclude that Plaintiff's arguments are not well-taken.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

3

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d

4

525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

For Plaintiff's sole assignment of error, Plaintiff argues that the ALJ did not properly evaluate the opinion of treating nurse practitioner, Dana Sefsick, NP-C, in assessing her RFC.

Medical opinions must always be considered and evaluated by the ALJ. 20 C.F.R. §404.1527(c). Medical opinions are "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis, and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions. 20 C.F.R. §404.1527(a)(1). Social Security Ruling 06-3p clarifies that although some treating sources (such as nurse practitioners) are not considered "acceptable medical sources" by 20 C.F.R. §404.1527, they are other medical sources that should be considered under relevant factors and, in some circumstances, can be entitled to greater weight than acceptable medical sources including treating physicians depending on the facts of the individual claim. SSR 06-3p.

These "other medical sources" have assumed a greater percentage of the treatment and/or evaluation functions previously handled primarily by physicians and

5

psychologists. *Cole v. Astrue*, 661 F.3d 931, fn. 4 (6th Cir. 2011). Opinions from such sources "are important and should be evaluated on key issues such as impairment severity and functional effects." SSR 06-3p. The ruling strongly indicates that this is best accomplished by applying the factors in 20 C.F.R. § 404.1527(c): the examining relationship; the treatment relationship, including length, nature, and extent, as well as frequency of examination; the degree of explanation and evidence provided to support an opinion; consistency of the opinion with the record as a whole; and whether the opinion is from an "acceptable medical source" and any other factors which tend to support or contradict an opinion. 20 C.F.R. §404.1527.

An ALJ must consider opinions from "other sources and generally explain the weight they are afforded. *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 560 (6th Cir. 2014). The ALJ is not required to give "good reasons" for discounting "other source" opinions, *Smith v. Comm'r of Soc. Sec.*, 2012 WL 2031115, at *4 (S.D. Ohio June 6, 2012), but is still required, to consider the opinion using the factors set forth in 20 C.F.R.§1527(c), though not every factor for weighing opinion evidence will apply in every case." 20 C.F.R. § 404.1527(f)(1).

Here, Ms. Sefsick was a nurse practitioner who regularly met with Plaintiff. As such, Ms. Sefsick qualifies as an "other medical source." In evaluating Plaintiff's RFC, the ALJ decision states:

> The undersigned gives little weight to the opinions expressed in letters by Jeanette Mertz NP and Dana Sefsick NP-C,. M.D. In these letters nurse practioners Mertz and Sefsick provided brief narratives of the claimant's medical history and a conclusory statement that the claimant cannot leave home or perform work. A statement by a medical source that a claimant is "disabled" does not mean that the claimant meets the statutory definition of disability, which is an issue reserved to the Commissioner (20 CFR 404.1527(d), 416.927(d)). It is not clear that nurse practioners Mertz and

6

> Sefsick understood how physical and mental impairments are evaluated under the Social Security Act and its regulations. In addition, the opinions are inconsistent with the overall evidence of record.

(Tr. 28)( internal citations omitted).

Plaintiff argues that the ALJ simply dismissed Ms. Sefsicks opinion as an issue reserved to the Commissioner and failed to evaluate Ms. Sefsick's opinions in accordance with the factors laid out in §404.1527(c) including, the length of the relationship and frequency of examination, whether Ms. Sefsick had the opportunity to examine Plaintiff, the support and consistency of her opinions with the record, and Ms. Sefsick's specialization. 20 C.F.R. § 404.1527(c)(1)-(5).

Contrary to Plaintiff's assertions, the ALJ evaluation of Ms. Sefsick's opinions complied with agency regulations and controlling law. As detailed above, the ALJ noted that the letter provided by Ms. Sefsick provided only a brief narrative of Plaintiff's medical history and a conclusory statement that Plaintiff could not leave home or work. (Tr. 28). As noted by the Commissioner, the Sixth Circuit held that an "ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'" *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Cohen v. Sec'y of Health & Human Servs*., 964 F.2d 524, 528 (6th Cir. 1992)).

The ALJ also determined that Ms. Sefsick's opinion was inconsistent with the overall evidence of record. (Tr. at 28). See 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"). As noted by the Commissioner, earlier in his decision, the ALJ cited to Ms. Sefsick's statement that beginning in March 2021, Plaintiff began to experience new anxiety symptoms that required medication adjustments and counseling. (Tr. 25). She

also stated that her symptoms were exacerbated by driving and leaving home. Despite these statements, the ALJ noted that in May 2021, Plaintiff told her primary care provider that she continued to go grocery shopping. (Tr. 25). Treatment notes at that time also indicated that Plaintiff appeared comfortable and had a normal affect at the exam. Id. Additionally, while considering the paragraph B and C criteria, the ALJ noted that Plaintiff shops as need and has also done some volunteer work to help abused animals. (Tr. 20). The ALJ also noted that Plaintiff testified at the hearing that she is able to attend her doctor appointments, takes her husband and son to their appointments and shops for the family. (Tr. 21).

In light of the foregoing, the undersigned finds that the ALJ assigned little weight to Ms. Sefsicks opinion because it was conclusory and inconsistent with the other evidence of record. (Tr. At 28). This determination was made in accordance with the requirements of SSR 06-03P for "other source" evidence. *Parker v. Comm'r of Soc. Sec.*, No. 2:19-CV-899, 2020 WL 613932, at *5 (S.D. Ohio Feb. 10, 2020), report and recommendation adopted, No. 2:19-CV-899, 2020 WL 1129795 (S.D. Ohio Mar. 9, 2020). The ALJ's analysis was sufficient to support his assignment of "little weight" to Ms. Sefsick's opinion as detailed above. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) (an ALJ must consider opinions from "other sources" and generally explain the weight they are afforded, even though they "are not entitled to any special deference"); SSR 06-03P, 2006 WL 2329939 at *6 (all that is required is that the ALJ "explain the weight" assigned to "other sources," or "otherwise ensure that the discussion of the evidence … allows ... a reviewer to follow the adjudica'or's reasoning").

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the 'LJ's decision is supported by substantial evidence. See *Casey v. Secretary of Health and Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993). Here, the 'LJ's decision was not outside of the permissible "zone of choice" that grants ALJs discretion to make findings without "interference by the courts*." Blakley v. C'mm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). See also *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713-14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess."); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion."). Here, substantial evidence supports the ALJ's findings and his conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

### III. Conclusion

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and is **AFFIRMED**, and that this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge